Appendix 2 to DCD 200-2

FORM 1

*FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT*
*UNDER THE CIVIL ACT, 42 U.S.C. § 1983*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Jared Andrew Neisser #463745
18800 Roxbury RD  M.C.T.C.
Hagerstown MD 21746
08/11/1979
(Enter the full name, address,
date of birth, and institution
number of the plaintiff(s) in
this action)

LODGED   ✓ RECEIVED

MAR 2 2 2019

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

v.

CIVIL ACTION NO. ELH-19-888

Wexford Health Sources Inc
425 Holiday Drive
Foster Plaza Two
Pittsburgh P.A. 15220-2714
(enter the full name and address
of the defendant(s) in this action)

I.    Previous Lawsuits:

   A.    Have you begun other actions in state or federal court dealing with the
         same facts involved in this action or otherwise relating to your
         imprisonment?

                         YES [ ]      NO [X]

   B.    If your answer to A. is yes, describe that action in spaces below.  (If there
         is more than one lawsuit, describe the additional lawsuits on the reverse
         side of this page.)

   1.    Parties to the previous action:

         Plaintiff __NA_____

         _____

         Defendant (s) NA_____

         _____

Appendix 2 to DCD 200-2

2. Court (if a federal court, name the district; if a state court, name the city or county) __NA__

3. Docket Number __NA__

4. Name of Judge to whom the case was assigned __NA__

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) __N A__

6. Approximate date of filing the lawsuit __NA__

7. Approximate date of the disposition __N A__

II. Place of present confinement __Maryland Correctional Training Center (M.C.T.C.)__

Prior Institutional Identification Numbers __DOC # 427-518__

A. Is there a state prison grievance procedure in this institution?
YES [X]    NO [ ]

1. If your answer is YES:

a) Did you file a grievance regarding your complaint, Proceeding under the Administrative Remedy Procedure?

YES [X]    NO [ ]

b) If you answered YES, what steps did you take and what was the result? __A.R.P., Appeal to Commioner of Corrections, and Inmates Grievance office (IGO) (Paper work is enclosed)__

c) If you answered NO, explain why you did not file.

Appendix 2 to DCD 200-2

B.  If there is no prison grievance procedure in the institution, did you complain to the prison authorities?

       YES [ ]    NO [ ]

1.  If you answered YES:

    a)  What steps did you take: _____

_____

    b)  What was the result? _____

_____

III.  Statement of the Claim
(State briefly the facts of your case. Include dates, times and places. Describe how each defendant is involved. Also include the names of other implicated persons. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach an extra sheet, if necessary, for each copy of the complaint submitted.

Supporting Facts _____

_____

    _Please   Attached   Copy_

_____

_____

_____

IV.  Relief
(State briefly exactly what you want the court to do for you. Make no legal arguments or cite any cases or statutes.)

A. My Institutional record cleared of any wrong doing in this matter

B. 300,000 $ In Punitive Damages

C. 1,000 $ for Violations involing Comar Proceedures

SIGNED THIS ____ day of _____, N__.
        19          March          2019

                                  Original Signature of Plaintiff

If you wish to proceed in forma pauperis, complete FORM 2

PAGE 3

Appendix 2 to DCD 200-2

After you file the complaint, no communication should be directed to the Judge about the case. Pleadings should be filed with the Clerk, and a copy should be mailed to all other parties, or to counsel if they are represented. It is important for you to include the following certificate on the pleadings:

I HEREBY CERTIFY, that on this ___19___ day of ___March___, ___2019___, a copy of this ___(name of the document)_____ was mailed, postage prepaid, to _the names and addresses of the parties_.

Your Name

Please advise the Clerk of the Court of any change in your address. The failure to advise this Court of any change in your address may result in the dismissal of your case under Local Rule 102.1.b.ii.

Unite States District Court

Page#1

Jared Andrew Neisser
M.C.T.C.
18800 Roxbury Rd.
Hagerstown, MD. 21746

Complaint Under the Civil Act, 42 U.S.C. – 1983

Section III.

Supporting Facts

      I was down in Jessup Correctional Institution (J.C.I.) on a court trip. On Aug. 21st, 2018 around 7pm I started to have seizures in the cell. The other inmate who was in the cell with me informed the guard who then called a medical code. Instead of treating me for the seizures the Wexford Medical staff treated me as a drug-overdose, even though in my medical file it clearly states "Epilepsy" on my D.P.S.C.S. Problem List. The medical staff administered a dose of Nasal Narcan at the scene. Once I was transported to medical I was given an I.M. injection of Narcan. Shortly thereafter I had a reaction to where my legs "locked up" (could not bend at the knees), and was given an injection of 50mg Benadryl to counteract the reaction. On Aug. 22nd I was returned to Maryland Correctional Training Center (M.C.T.C.) and was given a urinalysis test, an Insta-Read Redwood Urinalysis + - Cup, to see exactly what was in my system. The test came back as negative for any illegal substances. Once M.C.T.C. saw it was negative they didn't send it to any lab for further testing. At that point it only proves that the medical staff was wrong at J.C.I. I was then sent back to my cell where I started to gather information and start the A.R.P. process (copies are included, see attached). The initial A.R.P., Warden Dovey violated COMAR timeframes (COMAR 12.02.28.12) and denied it. There after I sent an appeal to the Commissioner of Corrections. The commissioner said I was only partly right, which was on the violation of COMAR timeframes, but denied the medical treatment part. I then sent an appeal of the commissioner's decision to the Inmate Grievance Office (I.G.O) around the 2nd of February, 2019. At this time I've yet to get a response back from the I.G.O. This matter could have affected my security status, Good Conduct Credits, and ultimately my being released later.

On Mar. 12th, 2019 I received a response from the I.G.O. which was Administratively "dismissed". In essence saying DOC in not responsible for the actions of a private contractor. A copy of this letter is also included, to show I've tried to exult all remedies before seeking relief from the courts.

Next DPSCS/DOC tried to restrict/hinder access to my medical records by trying to only allow access to my medical file once every six months. It wasn't until I informed them of the Freedom of Information Act did they then decide to grant me access before the timeframe stated in the letter.

Copies Enclosed:
1. '1983' Complaint Form
2. Inmate Grievance Office Response
3. Commissioner of Corrections Response
4. Appeal to Commissioner of Corrections
5. Administrative Remedy Procedure Response
6. Administrative Remedy Procedure Form
7. Letter stating "Restricted Access to Medical Records"
8. Letter/Request for records with F.O.I.A. information
9. Sick Call requesting "Medical Record copies"
10. Nurse report 8/21/18 7:07pm Page 1 and 2 by Marnette Valcin N.P. 7:09pm
11. Nurse report 8/21/18 11:14pm Page 1 of 1 by Bernard Alenda N.P. 11:45pm
12. D.P.S.C.S. EPILEPSY Bottom Bunk paperwork form
13. D.P.S.C.S. 'Problem List' Form

3/19/2019